[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10623

_____

D.C. Docket No. 1:09-cv-20160-JLK

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2011
JOHN LEY
CLERK

ALAN KAUFMAN,
Individually,
d.b.a. Center For Asthma & Allergy Of Bronx And Westchester,

Plaintiff - Appellant,

versus

SWIRE PACIFIC HOLDINGS, INC.,
a Delaware Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2011)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant-Plaintiff Alan Kaufman ("Kaufman") appeals: (1) the district court's summary judgment order, dated December 18, 2009, granting summary judgment in favor of Appellee-Defendant Swire Pacific Holdings, Inc. ("Swire") on Counts I, II, and IV; (2) the district court's order, dated October 9, 2009, granting Swire's motion to strike the testimony of Kaufman's experts, Jose Perea and Ralph Puig; and (3) the district court's dismissal order, dated June 23, 2009, dismissing with prejudice Kaufman's claims in Counts III and V. With respect to the dismissal order, Kaufman only appeals the Rule 12(b)(6) dismissal with prejudice of Count V in its entirety.

Even without considering Kaufman's experts, we conclude the district court erred in granting summary judgment as to Counts I, II, and IV and dismissing Count V in its entirety at the Rule 12(b)(6) stage. As to Count V, we conclude the complaint stated a cause of action for actual damages. As to Counts I, II, and IV, the record presents genuine issues of material fact unsuitable for resolution at the summary judgment stage. Because factual issues for trial are presented even without Kaufman's experts, we need not decide whether the district court abused its discretion in granting Swire's motion to strike in order to decide the summary judgment issues as to Counts I, II, and IV. Further, we note that the district court ruled "that Mr. Jose Perea and Mr. Ralph Puig's testimony be excluded unless

timely offered for rebuttal." Given the reversal of the summary judgment order and the district court's allowing Kaufman's experts to testify anyway (albeit limited to rebuttal), we conclude both parties on remand should now be given adequate opportunity to depose each other's experts before trial and each party's experts should be allowed to testify at trial. We vacate the above district court orders to the extent stated above and remand this case.

**VACATED AND REMANDED FOR TRIAL.**